UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. IRVING,

    Petitioner,

v.

Civil No. 04-73861-DT
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

    Respondent,
                                  /

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Michael A. Irving, ("petitioner"), presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction on one count of carrying a concealed weapon, M.C.L.A. 750.227; one count of possession of a firearm by a convicted felon, M.C.L.A. 750.224f; one count of possession of a firearm during the commission of a felony, M.C.L.A. 750.227b; and being a second felony habitual offender, M.C.L.A. 769.10. For the reasons stated below, petitioner's application for a writ of habeas corpus is denied.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Irving,* 242198 (Mich.Ct.App. January 15, 2004); *lv. den.* 470 Mich. 887; 682 N.W.

1

2d 92 (2004).

Petitioner now seeks habeas relief on the following ground:

The trial court's comment concerning a witness's testimony denied petitioner a fair trial.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that the claim is barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999). [1]

## II. Discussion

Respondent contends that petitioner's claim is procedurally defaulted, because he failed to object to the judge's comments at trial and the Michigan Court of Appeals relied on this failure to object in rejecting petitioner's claim.

In rejecting petitioner's judicial misconduct claim, the Michigan Court of Appeals noted that the issue was not preserved on appeal because petitioner failed to object at trial and the court would therefore review petitioner's judicial misconduct claim for plain error. *People v. Irving,* Slip. Op. at * 1.  After reviewing the judge's comments, the Michigan Court of Appeals concluded that petitioner had failed to

---

[1] Petitioner has asked this Court to grant judgment in his favor, on the grounds that respondent failed to file the answer in this case by the due date of April 1, 2005, as provided for in the order of responsive pleadings.  However, a review of this Court's docket entries shows that the response to the petition was filed on March 31, 2005, within the time limit for filing an answer to the petition for writ of habeas corpus. [Docket Entry # 9].  A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000).  In any event, a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the habeas petition. *See Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

establish the requisite plain error needed to overturn his conviction. *Id.*

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a habeas petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his judicial misconduct claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim

3

does not constitute a waiver of the state procedural default. *See Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *See Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991); *Reedus v. Stegall,* 197 F. Supp. 2d 767, 779 (E.D. Mich. 2001). Petitioner's claim is procedurally defaulted.

In the present case, petitioner has offered no reasons for his failure to object to the allegedly improper remark by the trial court. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533; *Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review

petitioner's second claim on the merits. *Harris v. Stegall,* 157 F. Supp. 2d at 751. Petitioner's state procedural default bars federal habeas review of his claim.

### III. Conclusion

The Court will dismiss the petition for writ of habeas corpus. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing

the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

Because a plain procedural bar is present, no further appeal would be warranted in this case. *Harris v. Stegall,* 157 F. Supp. 2d at 751.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 25, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk